MEMORANDUM *
Nadezda Nadtochaev and her children (together “Nadtochaev”)[1], natives of Uzbekistan and citizens of Israel, petition for review of two orders of the Board of Immigration Appeals (“BIA”). In No. 05-77168, she seeks review of an order of removal issued by an Immigration Judge (“IJ”) and affirmed by the BIA after the IJ denied Nadtochaev’s applications for asylum, withholding of removal, and relief under the Convention Against Torture. In No. 06-73482, Nadtochaev petitions for review of the BIA’s denial of a motion to reopen based on ineffective assistance of counsel.[2] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny both petitions.
The evidence presented by Nadtochaev fails to establish that she has a well-founded fear of future persecution.[3] See Ahmed v. Keisler, 504 F.3d 1183, 1191 (9th Cir.2007) (stating that a well-founded fear must be subjectively genuine and objectively reasonable). We therefore uphold the BIA’s decision that Nadtochaev failed to establish eligibility for asylum. See Krotova v. Gonzales, 416 F.3d 1080, 1084 (9th Cir.2005) (stating that a denial of asylum is reviewed for substantial evidence and the petition may only be granted if the record compels a different result). Nadto-chaev’s failure to establish a well-founded fear of future persecution means that she also failed to establish eligibility for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003) (finding that a petitioner’s failure to satisfy her burden for asylum also fails to satisfy her burden for withholding of removal).
We also reject Nadtochaev’s contention that her claim was prejudiced by prior counsel’s ineffective assistance. See Mohammed v. Gonzales, 400 F.3d 785, 793 (9th Cir.2005) (stating that a claim for ineffective assistance of counsel requires the petitioner to demonstrate that prior counsel failed to perform with sufficient competence, and that petitioner was prejudiced by her prior counsel’s performance). The evidence that Nadtochaev presented to the BIA in her motion to reopen fails to demonstrate that her claim of a well-founded fear was prejudiced.[4] See Jie Lin v. Ashcroft, 377 F.3d 1014, 1027 (9th Cir.2004) (noting that to show prejudice, a petitioner needs to demonstrate that he has plausible grounds for relief). Consequently, her claim for withholding of removal also was not prejudiced. See Farah, 348 F.3d at 1156.
*26 Finally, the IJ granted Nadtochaev’s petition for voluntary departure; thus, we disagree with her assertion that the petition for voluntary departure was prejudiced. See Nehad v. Mukasey, 535 F.3d 962, 967 (9th Cir.2008) (stating that “ ‘ineffective assistance of counsel amounts to a violation of due process if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case’ ”) (quoting Mohammed, 400 F.3d at 793).
Both petitions for review are denied.
PETITIONS DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The claims of Nadtochaev’s children are derivative of her claim. See 8 U.S.C. § 1158(b)(3).

. Because the parties are familiar with the factual and procedural background, we do not repeat it here, except as necessary to aid in understanding this disposition.

. During oral argument Nadtochaev conceded that she did not suffer from past persecution; therefore, we only address the issue of whether she established a well-founded fear.

. Because Nadtochaev failed to demonstrate that her claim was prejudiced, we do not address the issue of prior counsel’s competence.